UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HALY BOOTHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO: |
| v. ) | 2:20-CV-01804-SGC |
| ) | |
| CIRCLE K STORES, INC., ) | |
| KIMBERLY RACHEL and DAVID ) | |
| BEAN, ) | |
| ) | |
| Defendants. | |

**DEFENDANT'S MOTION AND INCORPORATED BRIEF IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW Defendant, Circle K Stores, Inc. ("Circle K"), pursuant to Federal Rule of Civil Procedure 12(e), and respectfully moves this Court for the entry of an order requiring Plaintiff Haly Booth ("Plaintiff") to provide a more definite statement of her Complaint. As support, Circle K submits the following:

**A. The Applicable Pleading Standard.**

1.  Federal Rules of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). The Supreme Court has explained a plaintiff's complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2. This rule is embodied in the template Complaint's instructions: "If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph." (Doc. 1, § III.)

3. In circumstances where a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response[,]" Federal Rule of Civil Procedure 12(e) provides a remedy. Under Rule 12(e), the defendant may move for a more definite statement and ask the court to require the plaintiff to restate the claims with the required specificity. Fed. R. Civ. P. 12(e).[1]

4. As explained below, because the Complaint does not number each claim and write a short and plain statement in support of each claim, Defendant requests that the Court issue an order requiring Plaintiff to replead.

---

[1] Courts have routinely noted a defendant has a duty to move for a more definite statement in these instances, even in cases involving *pro se* plaintiffs. *See, e.g., Miccosukee Tribe of Indians of Florida v. U.S.*, 716 F.3d 535, 557 (11th Cir. 2013) ("The Corps should have moved the District Court to order the Tribe to provide it with a "more definite statement" under Federal Rule of Civil Procedure 12(e), but it did not do so."); *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996) (defendant is "expected" to move for a more definite statement); *Turner v. McKesson Corp.*, No. 2:12-cv-2053-SLB, at *4 n.5 (N.D. Ala. Sept. 3, 2013) ("In the future, at least in cases before the undersigned judge, when faced with this sort of complaint defense counsel should consider filing a motion for more definite statement . . . ."); *Popham v. Cobb Co.*, No. 1:09-cv-1477-BBM, 2009 WL 2425954, *1-2 (N.D. Ga. Aug. 5, 2009) (motion for more definite statement granted when *pro se* plaintiff's complaint constituted a "'shotgun' pleading filled with factual allegations not material to any cause of action, and written in such a way that it is impossible to discern which factual allegations are intended to support which claims for relief.")

## B. The Complaint and Related Pleadings Do Not Write a Short and Plain Statement of Each Claim.

5.	Plaintiff has filed a Complaint and two attachments to the Complaint. (Doc. 1, 1-2, 1-2) Although the EEOC charge only alleged a violation of Title VII of the Civil Rights Act of 1964 (Doc. 1-2), the Complaint references two federal statutes, Title VII and the Americans with Disabilities Act. (Doc. 1, ¶ III)  The Complaint also checks the box for retaliation claims. (Id.)

6.	The first attachment to the Complaint is a statement signed by Plaintiff on July 13, 2020 (Doc. 1-1). The second attachment is Plaintiff's EEOC charge. (Doc. 1-2)  Neither document contains a short and plain statement of the claims asserted in separate paragraphs.

7.	Instead of a short and plain statement of each claim, Docs. 1-1 and 1-2 consist of a narrative identifying multiple alleged incidents occurring during the final months of Plaintiff's employment. It is unclear from the narrative what alleged act purportedly supports Plaintiff's discrimination and/or retaliation claims. For example, the Complaint checks the retaliation box, but it is unclear from the Complaint and the attachments what act Plaintiff engaged in that she contends resulted in Defendant retaliating against her or what retaliatory acts allegedly occurred.

8. Accordingly, a more definite statement is warranted under Eleventh Circuit law. As the Eleventh Circuit reiterated in *Fikes v. City of Daphne*, 79 F.3d 1079, 1082-83 (11th Cir. 1996):

> These rules work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

For these reasons, Defendant requests that the Court issue an order requiring Plaintiff to file an amended complaint containing a short and plain statement of each of the claims asserted.

WHEREFORE, premises considered, Circle K requests this Honorable Court enter an order requiring Plaintiff provide a more definite statement, as outlined herein.

Respectfully Submitted,

/s/ *Josh C. Harrison*
Josh C. Harrison (ASB-3775-o76h)
Sierra J. Gray (ASB-2288-q13y)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
420 20th Street North, Suite 1900
Birmingham, AL 35203
PH: (205) 328-1900, FAX: (205) 328-6000
josh.harrison@ogletreedeakins.com
sierra.gray@ogletreedeakins.com

**Attorneys for Defendant**

## **CERTIFICATE OF SERVICE**

 I hereby certify that on the 22nd day of February, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Haly Boothe
605 13th Avenue SW
Alabaster, AL 35007
(251) 362-1014
ms.lett77@gmail.com
PRO SE

           /s/ *Josh C. Harrison*
           Of Counsel

4