# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HALY BOOTHE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-01804-SGC |
| | ) |
| CIRCLE K STORES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER[1]

The plaintiff, Haly Boothe, commenced this action by filing a form complaint for employment discrimination utilized by the court. (Doc. 1). She names as defendants Circle K Stores, Inc.; Kimberly Rachel, store manager; and David Bean, district manager. (*Id.*). Pending before the undersigned are (1) a motion to dismiss filed by Rachel and Bean and (2) a motion for more definite statement filed by Circle K. (Docs. 16, 17). Boothe has failed to respond to either motion. For the reasons discussed below, both motions are due to be granted.

**I.    Facts**

Boothe was employed by Circle K between December 2016 and January 28, 2020, first as a customer service representative and later as an assistant manager.

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 19).

(Doc. 1-2 at 3). Based on facts that are not material to disposition of the pending motions, Boothe filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on May 7, 2020. (*Id.* at 3-4). The charge form includes a variety of boxes a charging party can check to indicate the basis on which she alleges discrimination, including sex, disability, and retaliation. (*Id.* at 3). Boothe selected only the boxes for sex and retaliation. (*Id.*). Additionally, in a narrative statement included as part of the charge form, Boothe alleged Circle K discriminated against her because of her "sex (pregnancy)" and retaliated against her, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). (*Id.* at 4).

The EEOC dismissed the charge on September 1, 2020, and notified Boothe of her right to sue. (*Id.* at 1-2). Boothe commenced this action on November 13, 2020. (Doc. 1). As stated, she did so by completing the court's form complaint for employment discrimination. (*Id.*). The form complaint includes a variety of boxes a plaintiff can check to identify the basis for jurisdiction, including Title VII and the Americans with Disability Act of 1990, 42 U.S.C. § 12101 et seq. (the "ADA"). (*Id.* at 3-4). Boothe checked only the box identifying Title VII as the basis for jurisdiction. (*Id*. at 3-4). On the form complaint, Boothe also checked boxes indicating the discriminatory conduct of which she complains is termination and retaliation and that the alleged bases of the discrimination were her sex and

disability. (*Id.* at 4-5). In a handwritten notation, she identified pregnancy as her disability. (*Id.* at 5). Attached to the complaint form are (1) Boothe's EEOC charge, (2) a six-page letter Boothe submitted to the EEOC, dated July 13, 2020, describing the basis of her charge, and (3) the EEOC's dismissal and notice of suit rights. (Docs. 1-1, 1-2).

## II.    Standards of Review

The pending motions implicate several standards set out in the *Federal Rules of Civil Procedure*. Rule 8 requires "a short and plain statement" of a claim and that "[e]ach allegation [] be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) and (d)(1); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Additionally, Rule 10 requires that "[a] party [] state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The requirements of Rules 8 and 10 are echoed in the instructions for completing the court's form employment discrimination complaint. (Doc. 1 at 4).

A purpose of Rules 8 and 10 is "to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading . . . ." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). Complaints that violate either rule or both are often referred to as "shotgun pleadings." *Id.* (identifying four types of "shotgun pleadings"). "[A] defendant faced with a ["shotgun pleading"] is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also* FED. R. CIV. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.").

In some cases, a complaint that complies with Rules 8 and 10 is nonetheless due to be dismissed in whole or part pursuant to Rule 12(b)(6) for failing to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b) (identifying defenses that may be asserted by motion). As discussed below, this includes where a complaint names a defendant against whom recovery on a particular claim is not permitted.

"Although *pro se* pleadings are held to a less stringent standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Giles v. Wal-Mart Distrib. Cent.*, 359 F. App'x 91, 93 (11th Cir. 2009) (internal quotation marks and citation omitted). "Even a *pro se* litigant is required to comply with the *Federal Rules of Civil Procedure*, particularly after being expressly directed to do so." *Id.*

### III.   Discussion

The undersigned liberally construes Boothe's complaint as asserting claims for pregnancy discrimination and retaliation for opposing such discrimination under both Title VII and the ADA. Title VII prohibits an employer from discriminating against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The phrase "because of sex" in Title VII includes "because of . . . pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k). Title VII also prohibits an employer from retaliating against an employee for opposing the discrimination prohibited by § 2000e-2(a)(1). § 2000e-3(a). By contrast, discrimination based on an individual's "disability" and retaliation for opposing disability discrimination is prohibited by the ADA. §§ 12112(a), 12203(a). "While pregnancy is generally not considered a disability [under the ADA], a pregnancy-related impairment may be considered a disability, if

5

it substantially limits a major life activity." *Jeudy v. Att'y Gen., Dep't of Justice*, 482 F. App'x 517, 520 (11th Cir. 2012); *see also Mayorga v. Alorica, Inc.*, 2012 WL 3043021, at *5 (S.D. Fla. July 25, 2012) ("Pregnancy, absent unusual circumstances, is not considered a disability under the ADA. . . . [W]here a medical condition arises out of a pregnancy and causes an impairment separate from the symptoms associated with a healthy pregnancy, or significantly intensifies the symptoms associated with a healthy pregnancy, such medical condition may fall within the ADA's definition of a disability.").

### A. Motion to Dismiss Rachel and Bean

Rachel and Bean move to dismiss all claims asserted against them on the ground neither Title VII nor the ADA permit a suit against an individual defendant. (Doc. 16). In the alternative, they seek dismissal of at least the ADA claims asserted against them on the ground Boothe failed to exhaust her administrative remedies with respect to such claims. (*Id.*).

#### 1. Primary Ground

Neither Title VII nor the ADA permit a suit against an individual defendant in his or her individual capacity. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (Title VII); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (the ADA); *Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013) (Title VII and the ADA). They do permit a suit against an individual in his or her official capacity.

*Hinson v. Clinch Cty., Georgia Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) (Title VII); *Clifton v. Georgia Merit Sys.*, 478 F. Supp. 2d 1356, 1362 (N.D. Ga. 2007) (the ADA). However, because such suit essentially is a suit against the official's employer, when the employer also is named as a defendant, a claim against the official is redundant and due to be dismissed. *See, e.g., Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1186-87 (M.D. Ala. 2000) (dismissing Title VII individual and official capacity claims pursuant to Rule 12(b)(6)).

To the extent Boothe asserts Title VII and ADA claims against Rachel and Bean in their individual capacities, those claims are due to be dismissed pursuant to Rule 12(b)(6) because the federal statutes do not permit individual capacity suits. To the extent Boothe asserts Title VII and ADA claims against Rachel and Bean in their official capacities as store manager and district manager, respectively, those claims are due to be dismissed pursuant to Rule 12(b)(6) as redundant of the claims asserted against Circle K.

### 2. Alternative Ground

Because Rachel and Bean are due to be dismissed on the foregoing grounds, it is unnecessary to consider the alternative argument made by these defendants that, at the very least, the ADA claims asserted against them are due to be dismissed because Boothe failed to exhaust her administrative remedies with respect to such claims. Moreover, Circle K has not made this argument on behalf of itself.

Nonetheless, the undersigned addresses the argument in the interest of providing clarity to the plaintiff and narrowing the issues for litigation going forward.

A plaintiff who wishes to assert an ADA claim in federal court, like a plaintiff who wishes to assert a Title VII claim in federal court, must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) (ADA); *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (Title VII). The plaintiff's later-filed judicial complaint is limited to claims presented in the EEOC charge and claims that are "like or related to" or "can reasonably be expected to [have] grow[n] out of" the charge. *Batson*, 897 F.3d at 1328; *Gregory*, 355 F.3d at 1280. The "crucial element" of an EEOC charge for purposes of determining what claims have been exhausted is the factual statement contained in the charge. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970). "Everything else entered on the form is, in essence, a mere amplification of the factual allegations. The selection of the type of discrimination alleged, i.e., the selection of which box to check, is in reality nothing more than the attachment of a legal conclusion to the facts alleged." *Id.*; *see also Batson*, 897 F.3d at 1327 (noting Eleventh Circuit has been " 'extremely reluctant to allow procedural technicalities to bar claims brought under [discrimination statutes]'" and, thus, " 'the scope of an EEOC [charge] should not be strictly interpreted'") (quoting *Gregory*, 355 F.3d at 1280). For example, the

Eleventh Circuit in *Gregory* held the plaintiff's failure to select the box indicating retaliation as a basis on which she alleged discrimination did not preclude her from asserting a Title VII retaliation claim in federal court because the facts alleged in the EEOC charge could reasonably have been extended to encompass a retaliation claim. 355 F.3d at 1280. Relying on *Gregory*, the circuit court in *Batson* held the plaintiff's failure to select the box indicating retaliation as a basis on which she alleged discrimination did not preclude her from asserting an ADA retaliation claim in federal court for the same reason. 897 F.3d at 1328.

Rachel and Bean argue a disability discrimination claim cannot reasonably be expected to have grown out of Boothe's EEOC charge because Boothe did not select the box indicating disability as a basis on which she alleged discrimination, use the word "disability" in her narrative statement, or explicitly reference the ADA; rather, she selected only the boxes indicating sex and retaliation as the bases on which she alleged discrimination and summarized her allegations by stating Circle K discriminated against her because of her "sex (pregnancy)" and retaliated against her, in violation of Title VII. The foregoing authority makes clear Boothe's failure to select the box indicating disability as a basis on which she alleged discrimination is not determinative of whether she can assert a disability discrimination claim in this proceeding. The same is true with respect to Boothe's failure to explicitly reference the ADA in her narrative statement, even considering Boothe did explicitly

9

reference Title VII. Like a charging party's selection of a particular box on the EEOC charge form indicating the basis on which she alleges discrimination, a charging party's citation to the federal statute(s) violated is "nothing more than the attachment of a legal conclusion to the facts alleged." *See Sanchez*, 431 F.2d at 462 (discussing charging party's selection of box indicating type of discrimination alleged). The critical question is whether the narrative statement Boothe provided with the EEOC charge reasonably could have been extended to encompass a claim of disability discrimination. The undersigned answers this question in the affirmative. The statement identifies complications Boothe experienced because of her pregnancy as the alleged basis on which Circle K discriminated against her, and as discussed above, pregnancy discrimination may be actionable under Title VII and/or the ADA.[2] Accordingly, the alternative argument made by Rachel and Bean fails.

**B.     Motion for More Definite Statement as to Circle K**

In addition to naming defendants against whom neither Title VII nor the ADA permit suit, Boothe's complaint suffers from another flaw, which is that it fairly is

---

[2] The cases cited by Rachel and Bean in support of its argument are distinguishable to the extent the plaintiffs in those cases not only failed to select particular boxes and/or reference specific federal statutes in their EEOC charges but also provided narrative statements that reasonably could not have been extended to encompass the claims they later sought to assert in federal court. *See Scott v. Shoe Show, Inc.*, 38 F. Supp. 3d 1343, 1347-48 (N.D. Ga. 2014); *Canty v. Fry's Elecs., Inc.*, 736 F. Supp. 2d 1352, 1361-62 (N.D. Ga. Sept. 1, 2010); *Sessom v. Wellstar Hosp.*, 2009 WL 1562876, at *3 (N.D. Ga. May 29, 2009); *Baldwin v. Harris Cnty.*, 2005 WL 6457562, at *2-3 (S.D. Tex. Nov. 15, 2005).

characterized as a "shotgun pleading." It has not been organized into short, clearly delineated paragraphs that would permit Circle K to prepare a response. Instead, the form complaint references attachments that collectively set forth a lengthy narrative in unnumbered paragraphs. Moreover, it is not clear which allegations of fact contained in the narrative are intended to support Boothe's discrimination claim(s) and which allegations of fact contained in the narrative are intended to support Boothe's retaliation claim(s). These deficiencies render Circle K's Rule 12(e) motion meritorious and require Boothe to amend her complaint in compliance with the instructions provided below. *See Giles*, 359 F. App'x at 93 (holding *pro se* plaintiff's amended employment discrimination complaint that "consisted of a lengthy series of unnumbered paragraphs containing what amount[ed] to a personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims" was an impermissible "shotgun pleading").

## IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Rachel and Bean (Doc. 16) is **GRANTED**, and these defendants are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6). The motion for more definite statement filed by Circle K (Doc. 17) is **GRANTED** pursuant to Rule 12(e), and Boothe is **DIRECTED** to file an amended complaint within twenty-one (21) calendar days from the entry date of this order.

The amended complaint must bear the case number "2:20-cv-01804-SGC" and comply with the *Federal Rules of Civil Procedure*. While Boothe may use the court's form complaint for employment discrimination, she must set out the facts that support each claim she asserts in separate, numbered paragraphs, without simply referring to her EEOC charge and/or other documents submitted to the EEOC. Moreover, the amended complaint must not refer back to the original complaint. Only factual allegations and claims contained in the amended complaint will be considered. Factual allegations must be simple, concise, and direct, and must not be general or conclusory. In particular, Boothe must (1) identify each defendant she alleges participated in the violation of her rights; (2) describe what each defendant did that amounted to a violation of her rights; (3) state when and where the incidents underlying the violation of her rights occurred; (4) describe how the acts and/or omissions of each defendant resulted in harm to her; (5) identify the nature of that harm (e.g., loss of money, income, or property, or interference with his right to engage in or refrain from some activity); and (6) state the relief she seeks (e.g., compensatory and/or punitive damages or some form of injunctive relief, including any request for attorneys' fees, costs, and expenses). Additionally, Boothe must identify all federal statutes under which she seeks relief.

Failure to comply with this order within the time prescribed may result in the dismissal of all claims. *See* FED. R. CIV. P. 12(e) (providing that if court orders a

more definite statement and order is not obeyed, court may strike the pleading "or issue any other appropriate order"); FED. R. CIV. P. 41(b) (providing for dismissal based on plaintiff's failure to prosecute or comply with *Federal Rules of Civil Procedure* or court order); *Giles*, 359 F. App'x at 93 (holding district court did not abuse its discretion by dismissing *pro se* plaintiff's amended employment discrimination complaint that failed to cure pleading deficiencies of which the plaintiff was advised).

The Clerk is **DIRECTED** to provide Boothe with two copies of the court's form complaint for employment discrimination.

**DONE** this 9th day of April, 2021.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE