FILED

2021 Aug-26  AM 10:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| HALY BOOTHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-01804-SGC |
| | ) | |
| CIRCLE K STORES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION[1]

Pending before the court is a motion to dismiss filed by the defendants, David Bean, Kimberly Rachel, and Circle K Stores, Inc. (Doc. 24). The defendants have also filed a reply based on the plaintiff's failure to respond to the defendants' motion to dismiss. (Doc. 26).

## I. Background

The plaintiff, Haly Boothe, initiated this action by filing her original complaint on November 13, 2020. (Doc. 1). Subsequently, on February 22, 2021, defendants David Bean and Kimberly Rachel filed a motion to dismiss, and defendant Circle K Stores, Inc., filed a motion for a more definite statement. (Docs. 16, 17). The court granted both motions, dismissing Bean and Rachel with prejudice

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 19).

and requiring the plaintiff to file an amended complaint.[2]  (Doc. 22).  The order specifically noted that failure to comply could result in dismissal of this matter under Rule 41 of the FEDERAL RULES OF CIVIL PROCEDURE.  (*Id.* at 12).  On April 21, 2021, the plaintiff filed an amended complaint (Doc. 23).   The plaintiff's amended complaint again incorporated the previously dismissed Title VIII and ADA claims against defendants Rachel and Bean (the "Individual Defendants"), raised additional race and color discrimination claims, and included an attached narrative portion identical to that from her original complaint -- which was not in compliance with the court's April 9, 2021 order.  (*Id.*).

On May 5, 2021, the defendants filed a motion to dismiss arguing: (1) all claims against Circle K should be dismissed with prejudice due to deficiencies in the plaintiff's amended complaint; (2) to the extent the amended complaint makes claims against the Individual Defendants those claims should be dismissed as this

---

[2] The court's April 9, 2021 order instructed that the plaintiff "must set out the facts that support each claim she asserts in separate, numbered paragraphs, without simply referring to her EEOC charge and/or other documents submitted to the EEOC. Moreover, the amended complaint must not refer back to the original complaint. Only factual allegations and claims contained in the amended complaint will be considered. Factual allegations must be simple, concise, and direct, and must not be general or conclusory. In particular, Boothe must (1) identify each defendant she alleges participated in the violation of her rights; (2) describe what each defendant did that amounted to a violation of her rights; (3) state when and where the incidents underlying the violation of her rights occurred; (4) describe how the acts and/or omissions of each defendant resulted in harm to her; (5) identify the nature of that harm (e.g. loss of money, income, or property, or interference with his rights to engage in or refrain from some activity; and (6) state the relief she seeks (e.g., compensatory and/or punitive damages or some form of injunctive relief, including any request for attorneys' fees, costs, and expenses.)  Additionally, Boothe must identify all federal statutes under which she seeks relief."  (Doc. 22 at 12).

court previously issued an order dismissing those claims with prejudice; and (3) the Title VII race or color claims against Circle K should be dismissed for failure to exhaust administrative remedies.  (Doc. 24).  The court directed the plaintiff to file a response to the defendants' motion to dismiss within fourteen (14) calendar days from the entry date of the order and requiring the defendants to file any reply within seven (7) calendar days from the date on which the plaintiff's response was due. (Doc 25).  The plaintiff did not file any response to the defendants' motion.  The defendants' reply argues dismissal is appropriate for the reasons stated in their motion and because the plaintiff failed to respond as ordered.  (Doc. 26).

On June 16, 2021, the court ordered the plaintiff to show cause why the case should not be dismissed on the grounds asserted by the defendants and/or for her failure to prosecute.  (Doc. 27).  Subsequently, the plaintiff submitted a letter addressed to the court, docketed by the Clerk of Court on July 6, 2021, as a response to the show cause order.  (Doc. 28).  This document simply reiterates allegations contained in the plaintiff's original and amended complaints without addressing any issues raised by the defendants' motion to dismiss or explaining why she failed to comply with this court's April 9, 2021 order.  (*Id.*).  Accordingly, the defendants' motion to dismiss is effectively unopposed.

**II. Discussion**

Rule 12(e) of the FEDERAL RULES OF CIVIL PROCEDURE provides authority for the court to strike the complaint or issue another appropriate order following the failure of a party to comply with an order for more definite statement. *See Jackson v. Bank of Am., N.A,* 898 F.3d 1348, 1358 (11th Cir. 2018). "Where a plaintiff fails to make meaningful changes to his complaint after an opportunity to replead, the court may dismiss the complaint under either Rule 41(b), Fed. R. Civ. P, or the court's inherent power to manage its docket." *Barone v. Wells Fargo Bank, N.A.*, 709 F. App'x 943, 952 (11th Cir. 2017) (citing *Weiland v. Palm Beach Cty. Sherriff's Office,* 792 F.3d 1313, 1321 (11th Cir. 2015)).   Further, under Rule 12(b)(6), a complaint may be dismissed in whole or in part for failing to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b).

While the undersigned is mindful of the more lenient standards applicable to *pro se* pleadings, "(e)ven a *pro se* litigant is required to comply with the Federal Rules of Civil Procedure, particularly after being expressly directed to do so." *Giles v. Wal-Mart Distribution Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009).  Further, a *pro se* plaintiff must also prosecute her claims.  Boothe's failure to comply with the April 9, 2021 order to amend her complaint and the May 6, 2021 order to file a response, along with her failure to show cause as required by the June 16, 2021 order, demonstrate three instances in which she has failed to prosecute her claims.  Further,

related to each instance, the court indicated to Boothe that noncompliance could result in dismissal of her claims. (Docs. 22, 25, 27). Accordingly, the claims against the defendants are due to be dismissed for the plaintiff's failure to prosecute and non-compliance with this court's orders.

Moreover, as noted in the defendants' motion to dismiss, this court expressly dismissed with prejudice the claims asserted against the Individual Defendants in the plaintiff's original complaint. (Docs. 22, 24). Thus, the defendants argue that to the extent the plaintiff's amended complaint reasserts claims of pregnancy discrimination or retaliation under Title VII and the ADA against the Individual Defendants in their personal capacity, such claims are barred by res judicata. (Doc. 24 at 9). This court agrees. *See Montana v. United States*, 440 U.S. 147, 153 (1979) ("Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.") (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352, (1877); *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 326, (1955)).

Similarly, as noted in the April 9, 2021 order, neither Title VII nor the ADA permit a suit against an individual defendant in his or her individual capacity  *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (Title VII); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (the ADA); *Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013) (Title VII and the ADA). They do permit a suit

against an individual in his or her official capacity. *Hinson v. Clinch Cty., Georgia Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) (Title VII); *Clifton v. Georgia Merit Sys.*, 478 F. Supp. 2d 1356, 1362 (N.D. Ga. 2007) (the ADA).  However, because such suit essentially is a suit against the official's employer, when the employer also is named as a defendant, a claim against the official is redundant and due to be dismissed. *See, e.g., Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1186-87 (M.D. Ala. 2000) (dismissing Title VII individual and official capacity claims pursuant to Rule 12(b)(6)).  To the extent Boothe asserts additional Title VII and ADA claims against Rachel and Bean in their official capacities as store manager and district manager, respectively, those claims are also due to be dismissed pursuant to Rule 12(b)(6) as redundant of the claims asserted against Circle K.

Further, the defendants' motion addresses the additional Title VII race and color claims raised solely in the plaintiff's amended complaint. (Doc. 24 at 7). A plaintiff who wishes to assert a Title VII claim in federal court must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) (ADA); *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (Title VII).  The scope of an EEOC complaint should not be strictly interpreted. *Gregory* 355 F.3d at 1280 (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970)).  Under EEOC exhaustion requirements, a plaintiff's judicial complaint is limited by the

6

scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.  *See Batson*, 897 F.3d at 1327; *Gregory* 355 F.3d at 1280.  Here, because the plaintiff's claims are due to be dismissed based on her failure to prosecute, it is not necessary for the court to analyze whether the plaintiff properly exhausted her administrative remedies as to the newly asserted Title VII race and color claims against Circle K.

**III. Conclusion**

Accordingly, the defendants' motion to dismiss (Doc. 24) is due to be **GRANTED**, and the plaintiff's claims are due to be **DISMISSED WITH PREJUDICE**.  41(b) Fed. R. Civ. P.

**DONE** this 26th day of August, 2021.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE

7